*1001 OPINION.
Morris:
The only question involved is whether the letter of September 14, 1923, is a sufficient request under the provisions of section 250 (d) of the Revenue Act of 1921, so that the assessment and collection of the tax in controversy are barred. The pertinent portions of that section are as follows:
The amount of income, excess-profits, or war-profits taxes due under any return made under this Act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, * * * Provided, That in the case of income received during the lifetime of a decedent, all taxes due thereon shall be determined and assessed' by the Commissioner within one year after written request therefor by the executor, administrator, or other fiduciary representing the estate of such decedent; * * *.
The Revenue Acts of 1924 (section 277 (a) (3)) and 1926 (section 277 (a) (4)) contain a similar provision.
We are convinced that the letter of September 14, 1923, which was received by the respondent, constituted a “ written request ” as provided for in section 250 (d) swpra. The language therein contained *1002 is clear, intelligible, and to the point, informing the respondent that the decedent passed away on May 15, 1922, that in accordance with section 250 the administratrix desired to have all income taxes on income accruing during the lifetime of the decedent determined within a year from the date of the notice, thus clearly connecting the request with section 250 (d) of the Revenue Act then in force.
The argument of respondent that the request is ineffective because Winston, Strawn & Shaw signed the letter without having a power of attorney on file with the Bureau of Internal Revenue is without force and of no moment. Under the section of law previously quoted the requirement is stated as merely a “written request therefor by the executor, etc.” The administratrix, herself, in the body of the letter made the request. The right to make such a request was conferred by statute, and the exercise thereof involved no practice before the Bureau. The respondent, however, was put on notice on two separate occasions through the filing by the administratrix of forms prescribed by the Bureau that Winston, Strawn and Shaw were her attorneys. The request which they signed was specifically authorized by the administratrix; she saw and approved it before it was sent and directed the attorneys to send it. To all intents and purposes the signature of Winston, Strawn & Shaw, under the facts herein, was just as effectual to start the running of the statute of limitations as the personal signature of the administratrix. The respondent was thereby put on notice, and his failure to act within the period of one year thereafter bars a subsequent determination and assessment of a deficiency.
Reviewed by the Board.

Judgment will he entered for the 'petitioner.

Milliken concurs in the result.
Smith and Van Fossan dissent.